# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JAFARRIS MILLER, KIMBERLY MUHAMMAD, and ALTHEA SIMMONS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:22-cv-02067-SHM-atc |
| REGINA MORRISON-NEWMAN, DILLON HOLZEMER, RANDY SANDERS, and RANDY SANDERS INVESTMENTS, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

On February 2, 2022, Plaintiffs Jaffaris Miller, Kimberly Muhammad, and Althea Simmons filed a *pro se* complaint against Defendants Regina Morrison-Newman, Dillon Holzemer, Randy Sanders, and Randy Sanders Investments, alleging fraudulent transfer of real property in violation of 42 U.S.C. § 1983.[1]  (ECF No. 1.)  Also on February 2, 2022, Miller filed a motion to proceed *in forma pauperis* (ECF No. 2), which was granted by this Court by Order dated February 22, 2022 (ECF No. 6).

In that Order, the Court noted that neither Muhammad nor Simmons filed an *in forma pauperis* application and that Simmons failed to sign the complaint.  (*Id.* at 2–3.)  The Court ordered Muhammad and Simmons to either pay the civil filing fee or submit properly completed *in forma pauperis* applications within thirty days, or by March 24, 2022.  (*Id.*)  The Court also

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

ordered Simmons to file a copy of the complaint's signature page, signed by her, and to provide the Clerk of Court with her contact information within thirty days.

Muhammad and Simmons failed to meet these deadlines.  However, on May 20, 2022, Muhammad filed an *in forma pauperis* application on behalf of herself (ECF No. 7), and an *in forma pauperis* application was filed on behalf of Simmons (ECF No. 8).  The *in forma pauperis* application filed on behalf of Simmons is unsigned and indicates that she is deceased, and Simmons never filed a copy of the complaint's signature page signed by her.  As a result, this Court recommends that the claims made in Simmons's name be dismissed.  Despite Muhammad's failure to timely comply with the February 22, 2022 Order, the Court considered and granted her *in forma pauperis* application on August 26, 2022.  (ECF No. 9.)

For the reasons set forth below, it is recommended that Plaintiffs' claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted and as frivolous.

## PROPOSED FINDINGS OF FACT

Plaintiffs filed their complaint on a Court-supplied form alleging fraudulent transfer of real property in violation of § 1983.  (ECF No. 1.)  Plaintiffs allege that there was a "foreign judgement" filed on April 20, 2016, with the Shelby County, Tennessee Register of Deeds that released all debts owed on Simmons's property located at 787 David Street, Memphis, Tennessee 38114 ("the Property") and made the Property exempt from all taxes, liens, judgments, foreclosures, and collection efforts by Shelby County.  (ECF No. 1-1, at 1–8.)  According to Plaintiffs, the purported foreign judgement is valid and enforceable pursuant to the "Uniform Enforcement of Foreign Judgements Act," Tennessee Code Annotated Section 26-6-104, even though Plaintiffs appear to have issued the "foreign judgment" themselves (e.g., the

document is handwritten and signed by Simmons).  (*Id.* at 3, 4, 8.)  Plaintiffs contend that any judgments or other government actions, including the collection of taxes or enforcement of liens on the Property, violate their self-issued foreign judgement and are invalid.  (*Id.* at 5–7.)  Plaintiffs seek the release of any tax liens on the Property and the return of the Property's title deed.  (ECF No. 1, at 3; ECF No. 1-1, at 8.)

The complaint's attachments appear to have all been created by Plaintiffs, and none were issued from a governmental entity.  (ECF No. 1-1.)  The complaint and its attachments do not reflect the relationship between Miller, Muhammad, and Simmons, although the documents do refer to Plaintiffs as "judgment creditors," "secured parties," and "authorized representatives" for themselves and possibly for each other, although this last point is unclear in the complaint's attachments.  (ECF Nos. 1, 1-1.)  Simmons's *in forma pauperis* application indicates that she is deceased (ECF No. 8), but none of the documents in the record reflect that Muhammad and Miller are Simmons's legal heirs or duly appointed estate representatives or that they otherwise have any legal interest in the Property.  Although the complaint and its attachments vaguely imply some sort of malfeasance by Shelby County, none of the documents in the record mention any specific misconduct by the named Defendants.

## PROPOSED CONCLUSIONS OF LAW

**I.      28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

## II.     Standard of Review for Failure to State a Claim

To determine whether Plaintiffs' complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

"A complaint can be frivolous either factually or legally." *Eshleman v. Chester County*, No. 1:15-cv-1106-JDT-egb, 2015 WL 13744665, at *2 (W.D. Tenn. Nov. 17, 2015), *report and recommendation adopted*, 2016 WL 843390 (W.D. Tenn. Mar. 1, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] complaint, containing as it does both factual

allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328–29). "Statutes allowing a complaint to be dismissed as frivolous give 'judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id.* at 471 (quoting *Neitzke*, 490 U.S. at 327). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true." *Id.* at 471 (citing *Iqbal*, 556 U.S. at 678–79; quoting *Neitzke*, 490 U.S. at 327–28).

### III.     Plaintiffs' claims should be dismissed.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States (2) committed by a defendant acting under color of state law." *Eshleman*, 2015 WL 13744665, at *4 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). Here, Plaintiffs have failed to allege facts that might satisfy either element, and thus they have failed to state a claim against Defendants.

Though the precise allegations of the complaint and its attachments are difficult to follow, the crux of Plaintiffs' claims are that their self-issued "foreign judgment"[2] released all debts owed on the Property and made the Property exempt from all taxes, liens, judgments,

---

[2] A "'foreign judgment' means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Tenn. Code Ann. § 26-6-103. Plaintiffs have identified no document meeting this definition.

foreclosures, and collection efforts by Shelby County.  (ECF No. 1-1, at 1–8.)  According to

Plaintiffs, any judgments or other government actions, including the collection of taxes or

enforcement of liens on the Property, violate their self-issued foreign judgement and are invalid.

(*Id*. at 5–7.)

Although the complaint and its attachments vaguely imply some sort of malfeasance by

Shelby County, none of the documents in the record mention any specific misconduct by the

named Defendants.  And the complaint and its attachments are otherwise devoid of any

allegations that might show that Plaintiffs were "deprived . . . of a right secured by the

Constitution and laws of the United States" by a "defendant act[ing] under color of law."

*Adickes*, 398 U.S. 144, 150 (quotations omitted).  As a result, Plaintiffs' complaint should be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief

may be granted.  *See Post v. White*, No. 3:18-cv-0132, 2018 WL 1089688, at *2 (M.D. Tenn.

Feb. 28, 2018) (holding that allegations that a plaintiff is a co-equal sovereign with a state and

has removed himself from the scope of state law enforcements are "simply nonsense" and § 1983

claims founded on such allegations should be dismissed).

Plaintiffs' claims should also be dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).  Plaintiffs' allegations and theories concerning their self-issued "foreign

judgment" have no basis in either fact or law because Plaintiffs are not sovereign entities who

could issue a "foreign judgment" that could exempt the Property from the laws of local, state,

and federal governments.  *See Eshleman*, 2015 WL 13744665, at *6 (finding that the plaintiff's

§ 1983 claims were frivolous because they were based on allegations that she was a "natural

person and a sovereign citizen" and was co-equal with the State of Tennessee).  Regardless of an

individual's claims of sovereignty, be it as a "sovereign citizen," a "secured-party creditor," or a

"flesh-and-blood human being," that person is not co-equal to the federal, state, and local governments; such arguments are frivolous and "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see also Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("Such theories have not only been rejected by the courts, but also recognized as 'frivolous and a waste of the court resources. . . . [S]overeign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars.'" (quoting *Muhammad v. Smith*, No. 3:13–cv–760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)). Such § 1983 claims may be dismissed as frivolous because they lack "an arguable basis either in law or in fact." *Dunn v. Post*, 21-1412, 2022 WL 1297586, at *2 (6th Cir. Jan. 27, 2022) (quoting *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008)) (affirming dismissal as frivolous of § 1983 claims founded on the plaintiff's allegations that he was not subject to state law as a sovereign citizen); *see also Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019), *report and recommendation adopted*, 2019 WL 2250519 (W.D. Mich. May 24, 2019) (dismissing the complaint as frivolous under Rule 12(b)(1) where the plaintiff's allegations were founded on his purported exemption from state law as a sovereign citizen).

Because Plaintiffs' claims are premised on the allegation that they self-issued a "foreign judgment" as if they were a co-equal sovereign, which purportedly released all debts owed on the Property and made the Property exempt from all taxes, liens, judgments, foreclosures, and collection efforts by Shelby County, Plaintiff's claims are factually and legally frivolous and should be dismissed pursuant to § 1915(e)(2)(B)(i).

## <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Plaintiffs' claims be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and as frivolous.  Furthermore, all claims made in Simmons's name should be dismissed for the additional reasons that the *in forma pauperis* application filed on her behalf is unsigned, and Simmons never filed a copy of the complaint's signature page signed by her.

Respectfully submitted this 26th day of August, 2022.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.